Nathan Charles Griggs
#35560
Dauphin County Prison
501 Mall Road
Harrisburg PA 17111

THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

Nathan Charles Griggs
  Plaintiff
   V

John D. Payne, Lowman S. Henry and Anthony M. Petrucci, individually and in their capacities as Commissioners of Dauphin County;

Dominick L. DeRose, individually and in his own capacity as Warden of Dauphin County Prison;

Leonard K. Carroll, individually and in his capacity as Deputy Warden of Security of Dauphin County Prison;

Major Dennis Stewart, Captain Patrick Corkle, Brian Fisher, Scott Lewis, and Andrew Klahr, individually and in their capacities as Correctional officers of Dauphin County Prison;

Prime Care Medical, individually and in their capacity as Medical service providers of Dauphin County Prison.

Amended Complaint

Civil Action Number 1:CV-00-22[...]



FILED
JAN 9 - 2001
PER
HARRISBURG, PA.   DEPUTY CLERK

Nathan Charles Griggs
#35560
Dauphin County Prison
501 Mall Road
Harrisburg PA 17111

## I. Jurisdiction

1.) This is a civil action authorized by 42 U.S.C. section 1983 to redress the deprivation, under the color of State law, of rights secured by the Constitution of the United States of America.

## II. Plaintiff

2) Nathan Charles Griggs am now and at all times mentioned herein an inmate at Dauphin County Prison. I am also asking that the court note Plaintiff is becoming eligible for parole within the next three (3) to five (5) months.

## III. Defendants

3) John D. Payne is the Chairman of Dauphin County Commissioners. He is to see to it, that the Warden of Dauphin County Prison handle all of his responsibilities in the overall operation of the Prison, legally

4) Lowman S. Henry is a Dauphin County Commissioner. He is to see to it, that the Warden of Dauphin County Prison handles all of his responsibilities in the overall operation of the Prison, legally

5) Anthony M. Petrucci is a Dauphin County Commissioner. He is to see to it, that the Warden of Dauphin County Prison handles all of his responsibilities in the overall operation of the Prison, legally

6) Dominick L. DeRose, the Warden of Dauphin County Prison, legally responsible for the operation of Dauphin County Prison and for the welfare of all of the inmates of Dauphin County Prison.

7) Leonard K Carroll, the Deputy Warden of Security at Dauphin County Prison, legally responsible for the training of all security

personal for handling any situation in a secure and safe way for both the inmate and Prison Staff.

8) Major Dennis Stewart is now a Major at Dauphin County Prison and at all of the time during the incidents of the complaint held the same rank.

9) Captain Patrick Corkle is now a Captain at Dauphin County Prison and at all of the time during the incidents of the complaint held the same rank.

10) Brian Fisher is no longer, but at the time during the incidents of the complaint was a correctional officer at Dauphin County Prisoner.

11) Scott Lewis is now a correctional officer at Dauphin County Prison and at all of the time during the incidents of the complaint held the same position.

12) Andrew Klahr is now a correctional officer at Dauphin County Prison and at all of the time during the incidents of the complaint held the same position.

13) Prime Care is now and was at the time during the incidents of the complaint the company responsible for Dauphin County Medical Coverage of the inmates of the prison.

14) Each defendant is sued Individually and in the own capacity for their actions under color of state law.

## IV. Facts

14) On (date and time not available to me at time of filing. Will send memorandu or amend as soon as possible). The block (D) was being searched for contraband.

15) Upon returning back to my cell. I notice pictures of my children in the trash can. I ask for them back in addition to why they are in the trash. I am ignored. I become louder and am told to shut up or I will be locked up.

16) Immediately I ask to speak to a shift commander, Trash was being tossed on top of my pictures. As I am continually being ignored. Under color of la

17) Defendants Fisher and Lewis come to my cell (0-2-15), acting under the color of state law, I am told to go to the back of my cell, face the wall and put my hands behind my back. Do as am told and am handcuffed, hands behind my back with no incident.

18) I ask defendants Fisher and Lewis to grab viewable pictures of mine from the trash as I am escorted off of the block. I am told by defendant Lewis to put a request slip in. Under the color of state law

19) Defendant Fisher and Lewis are therefor told by me (Plaintiff) I was going to the shift comanaders offices. I start walking in the direction of the office. I make it about 3 feet am told no and then I take approximately 3 more steps. I am at the door. Acting out of the color of state law defendant Lewis flying tackles me. Now laying on the floor. My right side on the floor. Unable to do anything but wiggle.

20) The Color of Pennsylvania State Law is what defendant Fisher is acting under as he runs up and starts kicking me in my left hand side ribs. Defendant Lewis continues to hold me (Plaintiff) so I can not evade the kicks. Under the color of state law.

21) Defendant Captain Corkle then comes out of his office and sprays Plaintiff with mace, without evaluating the situation as Defendant Fisher get his last couple of kicks in. All acting in the color of the Pennsylvania state law.

22) Plaintiff is then taken to segregation by defendants Fisher, Lewis, Corkle and Klahr. Qurig the entire esorted trip Plaintiff is allowing defendants to know it is very hard to breathe and about pains in his left side. All of the time being ignored under the color of state law.

23) Once Plaintiff was in cell P-3-8 segregation defendants Fisher, Lewis, Corkle and Klahr under the color of state law stripped

Plaintiff of his handcuffs. Plaintiff was then ordered by defendant Corkle to strip, under the color of the law. Plaintiff was trying to hold his side and breathe, so all of his clothes, but sneakers and socks were tore from his body, even as he tried to do it himself. All by order of defendant Captain Corkle under the color of state law, or so acting.

24) Medical (a nurse from the defendant Prime Care) came to my cell. I told nurse what was wrong. Defendant Corkle had a word with her and she left, acting under the color of state law. Acting under the color of state law defendant Prime Care allowed Dauphin County ~~Prise~~ Prison believe Plaintiff was well.

25) I then allowed the toilet to over flow. C.E.R.T. was activated. the rest should be on film. All acting under the color of the law.

26) Prime Care then allows Plaintiff to be left in a restraining chair.

27) Defendant Fisher, Lewis and Klahr are all members of the C.E.R.T. team as well.

28) Defendants Stewart, Carroll and DeRose on information and belief were made aware as far as the Plaintiffs condition. Acting under the color of state law chose to act in avoidance of their duties and neglect the Plaintiffs health while having the defendants Fisher, Lewis and Klahr file assault criminal charges against Plaintiff, to try and cover up what was done.

29) Defendants Payne, Henry and Petrucci on information and belief are the Dauphin County Commissioner and are to know all that has, is or will be going on in Dauphin County Prison.

## IV. Legal Claims

30) Plaintiff has been deprived of his rights which are guaranteed by the First Amendment to the United States Constitution and the Due process Clause of the Fourteenth Amendment. The confiscation also deprived Plaintiff of his property without the due process of law required by the Fourteenth Amendment.

31) The beatings which the Plaintiff suffered constituted cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution and the Due Process Clause of the Fourteenth Amendment. The beatings also amounted to punishment without due process of law, in violation of the Fourteenth Amendment to the Constitution of the United States.

32) Defendants' failure to provide medical care needed by Plaintiff when needed by Plaintiff constitutes cruel and unusual punishment and punishment without due process of the law.

33) The Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs described herein. Plaintiff has been and will continue to be irreparably injured by the conduct of the defendants unless this court grants Plaintiff reliefs he seeks.

WHEREFORE, Plaintiff respectfully prays that this court enter judgment granting plaintiff:

1) A declaratory judgment that the defendants' acts, policy and practices described herein violate Plaintiffs' rights under the United States Constitution.

2) A preliminary and permanent injunction which:

ⓐ Requires defendants to change their policies directing towards confiscation of inmates belongings they are permitted by rules and regulation to possess.

2) Prohibits defendants, their agents, employees, successors in interest and all other persons in active concert or participation which rotates around and with them, from harassing, threatening, punishing or retaliating in any way against the Plaintiff because he filed this action, or from transfering Plaintiff to any other institution without his written consent, during the pendency of this action.

3) Compensatory damages in the amount of ($75,000) seventy five thousand dollars from all of the defendants individually and as an association from their own offical capacities, except defendant members of the group Prime Care.

4) Punitive damages of ($300,000) three hundred thousand dollars from all defendants individually and as an association from each of their own offical capacities.

5) Trial by jury on all issues triable by jury.

6) Plaintiff's cost of this suit

7) Such other and further as this court may deem just, proper and equitable.

Dated: January 4, 2001

Respectfully Submitted
Nathan Charles Griggs
#35560
Dauphin County Prison
501 mall Road
Harrisburg, PA 17111