see ant

⑬
2/28/01

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

NATHAN CHARLES GRIGGS,            :
                                  :
     Plaintiff                    :
                                  :
v.                                :    CIVIL NO. 1:CV-00-2219
                                  :
BRIAN FISHER, ET AL.,             :    (Judge Caldwell)
                                  :
     Defendants                   :

FILED
HARRISBURG, PA

FEB 27 2001

MARY E. D'ANDREA, CLERK
PER_____ DEPUTY CLERK

ORDER

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

Plaintiff, Nathan Charles Griggs, an inmate at the Dauphin County Prison, Harrisburg, Pennsylvania, filed this civil rights action under 42 U.S.C. § 1983. Presently pending is the plaintiff's motion for appointment of counsel (Doc. 8).

Although prisoners have no constitutional or statutory rights to appointment of counsel in a civil case, the court does have broad discretionary power to appoint counsel under 28 U.S.C. § 1915(e)(1). Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993), cert. denied, 510 U.S. 1196 (1994); Ray v. Robinson, 640 F.2d 474, 477 (3d Cir. 1981). The Third Circuit has stated that

appointment of counsel for an indigent litigant should be made when circumstances indicate "the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984).

Griggs' motion fails to set forth sufficient special circumstances or factors that would warrant appointment of counsel. Tabron, supra, at 155-56. In the pleadings submitted by plaintiff to date, he has demonstrated that he is capable of presenting comprehensible arguments. Furthermore, this court's liberal construction of pro se pleadings, Haines v. Kerner, 404 U.S. 519 (1972), coupled with plaintiff's apparent ability to litigate this action pro se, mitigate against the appointment of counsel. Moreover, the legal issues are relatively uncomplicated, and the court cannot say, at least at this point, that Griggs will suffer substantial prejudice if he is forced to prosecute this case on his own.

It is also important to consider the effort made to retain an attorney before asking the court to appoint one. See Tabron, supra 6 F.3d at 157 n.5. While Griggs indicates that he would

2

like a specific attorney appointed, there is no indication he has actually attempted to obtain counsel on his own before asking the court to do it for him.

Therefore, Griggs' motion for appointment of counsel will be denied. In the event, however, that future proceedings demonstrate the need for counsel, the matter may be reconsidered either _sua_ _sponte_ or upon a motion properly filed by the plaintiff.

AND NOW, this 27th day of February, 2001, it is ordered that the Plaintiff's motion for appointment of counsel (doc. 8) is denied.

/s/ William W. Caldwell
WILLIAM W. CALDWELL
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

* * MAILING CERTIFICATE OF CLERK * *

February 27, 2001

Re: 1:00-cv-02219   Griggs v. Fisher

True and correct copies of the attached were mailed by the clerk to the following:

Nathan Charles Griggs
CTY-DAUPHIN
#35360
Dauphin County Prison
501 Mall Road
Harrisburg, PA  17111

cc:
Judge                           (✓)        (✓) Pro Se Law Clerk
Magistrate Judge                ( )        ( ) INS
U.S. Marshal                    ( )        ( ) Jury Clerk
Probation                       ( )
U.S. Attorney                   ( )
Atty. for Deft.                 ( )
Defendant                       ( )
Warden                          ( )
Bureau of Prisons               ( )
Ct Reporter                     ( )
Ctroom Deputy                   ( )
Orig-Security                   ( )
Federal Public Defender         ( )
Summons Issued                  ( )  with N/C attached to complt. and served by:
                                     U.S. Marshal ( )    Pltf's Attorney ( )
Standard Order 93-5             ( )
Order to Show Cause             ( )  with Petition attached & mailed certified mail
                                     to:  US Atty Gen  ( )   PA Atty Gen ( )
                                          DA of County ( )   Respondents ( )
Bankruptcy Court                ( )
Other _____        ( )

                                              MARY E. D'ANDREA, Clerk

DATE: ___2/27/01___                           BY: /s/
                                                  Deputy Clerk