ⓘ 4/17/01
ᴴᵂ

# ORIGINAL

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

NATHAN CHARLES GRIGGS,                    :        NO. CV-00-2219
               Plaintiff           :
                          :
                          :
       v.                          :        JURY TRIAL DEMANDED
                          :        J Caldwell
JOHN D. PAYNE, LOWMAN S. HENRY       :
and ANTHONY M. PETRUCCI,                  :
individually and in their capacities as        :
Commissioners of Dauphin County;         :
DOMINICK L. DEROSE, individually and in  :
his own capacity as Warden of Dauphin County :
Prison;                                                   :
LEONARD K. CARROLL, individually and in  :
his capacity as Deputy Warden of Security     :
of Dauphin County Prison;                       :
MAJOR DENNIS STEWART, CAPTAIN       :
PATRICK CORKLE, BRIAN FISHER,           :
SCOTT LEWIS, and ANDREW KLAHR,        :
individually and in their capacities as        :
Correctional Officers of Dauphin County       :
Prison;                                                   :
PRIME CARE MEDICAL, individually and in  :
their capacity as medical service providers    :
of Dauphin County Prison,                        :
                   Defendants           :

FILED
HARRISBURG
APR 16 2001
MARY E. D'ANDREA, CLERK
Per_____
DEPUTY CLERK

## MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)
## OF THE FEDERAL RULES OF CIVIL PROCEDURE

      Defendants, John D. Payne, Lowman S. Henry, Anthony M. Petrucci, Dominick L.

DeRose, Leonard K. Carroll, Major Dennis Stewart, Captain Patrick Corkle, Brian Fisher,

Scott Lewis, and Andrew Klahr, by and through their authorized counsel, Lavery, Faherty,

Young & Patterson, P.C., hereby file this Motion to Dismiss Pursuant to Rule 12(b)(6) of the

Federal Rules of Civil Procedure and in support thereof state as follows:

1.    This action was initiated pro se by Nathan Griggs, a prisoner at the Dauphin County Prison, initially against Defendants, Brian Fisher, Scott Lewis, Andrew Klahr, and Patrick Corkle, all staff members at the Dauphin County Prison.  A true and correct copy of Plaintiff's original Complaint, which was filed on or about December 20, 2000 is attached hereto and marked as Exhibit "A."

2.    On or about January 9, 2001, Plaintiff filed an Amended Complaint adding additional parties to the Complaint as Defendants.  Specifically, along with the original Defendants, Plaintiff's Amended Complaint adds John D. Payne, Lowman S. Henry, Anthony M. Petrucci, Dominick L. DeRose, Leonard K. Carroll, Major Dennis Stewart, and Prime Care Medical as Defendants to this action.  A true and correct copy of Plaintiff's Amended Complaint is attached hereto and marked as Exhibit "B."

3.    Nowhere in Plaintiff's original or Amended Complaint is the date of the alleged incident in any way identified or pleaded.  For that matter, not even the month or year of the alleged incident is contained in either the original Complaint, or the Amended Complaint.

4.    Plaintiff has an affirmative obligation under applicable law to plead facts sufficient to bring this matter within the applicable two-year statute of limitations.

5.    Upon information and belief, Plaintiff's claims or some of Plaintiff's claims are time-barred against all of the Moving Defendants.  Most particularly, it is believed that Plaintiff's claims against the Defendants added in the Amended Complaint, John D. Payne, Lowman S. Henry, Anthony M. Petrucci, Dominick L. DeRose, Leonard K. Carroll and Major Dennis Stewart are time barred by the applicable statute of limitations.

6.    As a matter of law, Plaintiff's Complaint and Amended Complaint fail to state

2

claims or causes of action upon which relieve can be granted for the reasons set forth above.

WHEREFORE, Answering Defendants respectfully pray that Plaintiff's Complaint against them be dismissed with prejudice pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Respectfully submitted,

LAVERY, FAHERTY,
YOUNG & PATTERSON, P.C.

Date: 4/11/01                        By: _____
Frank J. Lavery, Jr., Esquire
Attorney I.D. #      42370
P.O. Box 1245
Harrisburg, PA 17108-1245
(717) 233-6633
Attorney for Moving Defendants

3

MAR 30 2001 15:44 FR COREGIS          312 849 5370 TO 917172337003      P.08/33

# FORM TO BE USED BY A PRISONER IN FILING A CIVIL RIGHTS COMPLAINT

## IN THE UNITED STATES DISTRICT COURT

## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

(1) Nathan Charles Griggs Dcc#35560

(Name of Plaintiff) (Inmate Number)

501 Mall Road Harrisburg, PA 17111

(Address)

(2)_____

(Name of Plaintiff) (Inmate Number)

_____

(Case Number)

_____

(Address)

(Each named party must be numbered,

and all names must be printed or typed)                        :

                                                               :

vs.                                                            :

CIVIL COMPLAINT

                                                               :

(1) Brian Fisher
                                                               :

                                                               :

(2) Scott Lewis
                                                               :

                                                               :

(3) Andrew Klahr
                                                               :

(Names of Defendants)

                                                               :

                                                               :

(Each named party must be numbered,
                                                               :

and all names must be printed or typed)
      (page added)                                             :

              TO BE FILED UNDER: 42 U.S.C. § 1983 - STATE OFFICIALS

28 U.S.C. § 1331 - FEDERAL OFFICIALS

## I. PREVIOUS LAWSUITS

A. If you have filed any other lawsuits in federal court while a prisoner, please list the caption and case number including year, as well as the name of the judicial officer to whom it was assigned:

_____

_____

_____

_____

## II. EXHAUSTION OF ADMINISTRATIVE REMEDIES

In order to proceed in federal court, you must fully exhaust any available administrative remedies as to each ground on which you request action.

A. Is there a prisoner grievance procedure available at your present institution? _✓_ Yes ____ No

B. Have you fully exhausted your available administrative remedies regarding each of your present claims? _✓_ Yes ____ No

C. If your answer to "B" is <u>Yes</u>:

1. What steps did you take?
   I filed a grievance

2. What was the result?
   To no avail. Nothing

D. If your answer to "B" is <u>No</u>, explain why not:

## III. DEFENDANTS

(1) Name of first defendant: Brian Fisher

Employed as at Correctional Officer at Dauphin County Prison (at Time of Incident

Mailing address: 501 Mall Road  Harrisburg, PA 17111

(2) Name of second defendant: Scott Lewis

Employed as at Correctional Officer at Dauphin County Prison

Mailing address: 501 Mall Road  Harrisburg, PA 17111

(3) Name of third defendant: Andrew Klahn

Employed as at Correctional Officer at Dauphin County Prison

Mailing address: 501 Mall Road Harrisburg, Pa 17111

(List any additional defendants, their employment, and addresses on extra sheets if necessary)

## IV. STATEMENT OF CLAIM

(State here as briefly as possible the facts of your case. Describe how each defendant is involved, including dates and places. Do not give any legal arguments or cite any cases or statutes. Attach no more than three extra sheets if necessary.)

1. Brian Fisher waited until I was handcuffed. With my hands behind my back, tackled and held down

MAR 30 2001 15:45 FR COREGIS          312 849 5370 TO 917172337003          P.13/33

Then in the acting, in the color of the law repeatedly kicked me in my left hand side. Afterward in the acting color of law placed me under arrest. To cover up what had been done to my ribs committing perjury against me

2. Scott Lewis did a diving tackle and held me stationary acting in the color of the law. While Brian Fisher kicked me continually. He then participating in the C.E.R.T. Team acting in the color of the law deliberately punched me in my face. Afterward acting in color of the Law placing charges against me. To cover up what had been done to me physically. committing perjury against me.

3. Andrew Klahr was another officer who acting in the color of the law placed charges on me. To cover up what had been done to me physically. Committing perjury against me.

(4) Patrick Corkle

III. DEFENDANTS

(4) Name of fourth Defendant: Patrick Corkle

Employed as a: Captain at Dauphin County Prison.

Mailing address: 501 Mall Road  Harrisburg PA 17111

IV STATEMENT OF CLAIM

4) Patrick Corkle came out of his office as I was being kicked in my ~~cal~~ ribs, held in place and trying to wiggle away from being kicked any more. Without evaluating the situation he instantly sprayed me with pepper spray. He took it upon himself to literally rip my clothes off of me, including my underwear. All of this was done acting in the color of the law.

V RELIEF

I would like the court to award me $50,000 for pain and suffering, $40,000 for mental anguish. I would also like Patrick Corkle to be investigated as well.

I declare under penalty of perjury that the foregoing is true and correct, on this _fourth_ day of _December_  2000

Nathan Charles Snipp

## V. RELIEF

(State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.)

1. I would like the court to award me $50,000 for pain and suffering $10,000 for mental anguish $20,000 defamation of character $10,000 for suffering and mental anguish of my family.

2. I would like the court to award me $50,000 for pain and suffering $10,000 for mental anguish $20,000 for defamation of character $10,000 for suffering and mental anguish of my family.

Nathan Charles Griggs
#35560
Dauphin County Prison
501 Mall Road
Harrisburg PA 17111

6
1-10-
JC

## THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

Nathan Charles Griggs

    Plaintiff

      V

John D. Payne, Lowman S. Henry and                    Amended
Anthony M. Petrucci, individually and in              Complaint
their capacities as Commissioners of                  Civil Action Number 1CV-00-221
Dauphin County;

Dominick L. DeRose, individually and in
his own capacity as Warden of Dauphin
County Prison;

Leonard K. Carroll, individually and in his
capacity as Deputy Warden of Security of
Dauphin County Prison;

Major Dennis Stewart, Captain Patrick Corkle,
Brian Fisher, Scott Lewis, and Andrew Klahr,
individually and in their capacities as
Correctional officers of Dauphin County
Prison;

Prime Care Medical, individually and
in their capacity as Medical service
providers of Dauphin County Prison.



FILED
JAN 9 - 2001

PER
HARRISBURG PA    DEPUTY CLERK

EXHIBIT
B



Nathan Charles Griggs
#33560
Dauphin County Prison
501 mail Road
Harrisburg PA 17111

## I. Jurisdiction

1) This is a civil action authorized by 42 U.S.C. section 1983 to redress the deprivation, under the color of State law, of rights secured by the Constitution of the United States of America.

## II. Plaintiff

2) Nathan Charles Griggs am now and at all times mentioned herein an inmate at Dauphin County Prison. I am also asking that the court note Plaintiff is becoming eligible for parole within the next three (3) to five(5) months.

## III. Defendants

3) John O; Payne is the Chairman of Dauphin County Commissioners. He is to see to it, that the Warden of Dauphin County Prison handles all of his responsibilities in the overall operation of the Prison, legally

4) Lowman S. Henry is a Dauphin County Commissioner. He is to see to it, that the Warden of Dauphin County Prison handles all of his responsibilities in the overall operation of the Prison, legally

5) Anthony M. Petrucci is a Dauphin County Commissioner. He is to see to it, that the Warden of Dauphin County Prison handles all of his responsibilities in the overall operation of the Prison, legally

6) Dominick L. DeRose, the Warden of Dauphin County Prison, legally responsible for the operation of Dauphin County Prison and for the welfare of all of the inmates of Dauphin County Prison.

7) Leonard K Carroll, the Deputy Warden of Security at Dauphin



pages
of 7

personal for handling any situation in a secure and safe way for both the inmate and prison staff,

8) Major Dennis Stewart is now a Major at Dauphin County Prison and at all of the time during the incidents of the complaint held the same rank.

9) Captain Patrick Corkle is now a captain at Dauphin County Prison and at all of the time during the incidents of the complaint held the same rank,

10) Brian Fisher is no longer, but at the time during the incidents of the complaint was a correctional officer at Dauphin County Prisones.

11) Scott Lewis is now a correctional officer at Dauphin County Prison and at all of the time during the incidents of the complaint held the same position.

12) Andrew Klahr is now a correctional officer at Dauphin County Prison and at all of the time during the incidents of the complaint held the same position,

13) Prime Care is now and was at the time during the incidents of the complaint the company responsible for Dauphin County Medical coverage of the inmates of the prison.

14) Each defendant is sued Individually and in the own capacity for their actions under color of state law,

## IV. Facts

14) On (date and time not available to me at time of filing. Will send memorandu or amend as soon as possible). The black (D) was being searched for contraband.

15) Upon returning back to my cell. I notice pictures of my children in the trash can. I ask for them back in addition to why they are in the trash. I am ignored. I become louder and am told to shut



page 1 of 7

16) Immediately I ask to speak to a shift commander, Trash was being tossed on top of my pictures. As I am continually being ignored under color of I

17) Defendants Fisher and Lewis come to my cell (D-2-15), acting under the color of state law, I am told to go to the back of my cell, face the wall and put my hands behind my back. Do as am told and am handcuffed, hands behind my back with no incident.

18) I ask defendants Fisher and Lewis to grab viewable pictures of mine from the trash as I am escorted off of the block. I am told by defendant Lewis to put a request slip in. Under the color of state law

19) Defendant Fisher and Lewis are thereafter told by me (Plaintiff) I was going to the Shift Commanders offices. I start walking in the direction of the office. I make it about 3 feet am told no and then I take approximately 3 more steps. I am at the door, Acting out of the color of state law defendant Lewis flying tackles me. Now laying on the floor. My right side on the floor. Unable to do anything but wiggle.

20) The Color of Pennsylvania State Law is what defendant Fisher is acting under as he runs up and starts Kicking me in my left hand side ribs. Defendant Lewis continues to hold me (Plaintiff) so I can not evade the kicks. Under the color of state law.

21) Defendant Captain Corkle then comes out of his office and sprays Plaintiff with mace, without evaluating the situation as Defendant Fisher get his last couple of kicks in still acting in the color of the Pennsylvania state law.

22) Plaintiff is then taken to segregation by defendants Fisher, Lewis, Corkle and Klahr. During the entire escorted trip Plaintiff is allowing defendants to know it is very hard to breathe and about pains in his left side. All of the time being ignored under the color of state law.

23) Once Plaintiff was in cell P-3-8 segregation defendants Fisher,

page
16f21

Plaintiff of his handcuffs. Plaintiff was then ordered by defendant Corkle to strip, under the color of the law. Plaintiff was trying to hold his side and breathe, So all of his clothes, but sneakers and socks were tore from his body, even as he tried to do it himself. All by order of defendant Captain Corkle under the color of State law, or so acting.

24) Medical (a nurse from the defendant Prime Care) came to my cell. I told Nurse what was wrong. Defendant Corkle had a word with her and she left, acting under the color of state law. Acting under the color of State law defendant Prime Care allowed Dauphine County ~~Prison~~ Prison believe Plaintiff was well.

25) I then allowed the toilet to over flow. C.E.R.T. was activated. the rest should be on film. All acting under the Color of the law.

26) Prime Care then allows Plaintiff to be left in a restraining chair.

27) Defendant Fisher, Lewis and Klahe are all members of the C.E.R.T. ~~te~~ team as well.

28) Defendants Stewart, Carroll and De Rose on information and belief were made aware as far as the Plaintiffs condition. Acting under the color of State law Chose to act in avoidance of their duties and Neglect the Plaintiffs health while having the defendants Fisher, Lewis and Klahn file assult criminal charges against Plaintiff, to try and cover up what was done.

29) Defendants Payne, Henry and Petrucci on information and belief are the Dauphin County Commissioner and are to know all that has, is or will be going on in Dauphin County Prison.

Case 1:00-cv-02219-WWC   Document 17   Filed 04/18/2001   Page 17 of 21
MAR 30 2001 15:47 FR COREGIS        312 849 5370 TO 91717255700S        P.23/33

page
6 of 7

## IV. Legal Claims

30) Plaintiff has been deprived of his rights which are guaranteed by the First Amendment to the United States Constitution and the Due process clause of the Fourteenth Amendment. The confiscation also deprived Plaintiff of his property without the due process of law required by the Fourteenth Amendment.

31) The beatings which the Plaintiff suffered constituted cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution and the Due Process Clause of the Fourteenth Amendment. The beatings also amounted to punishment without due process of law, in violation of the Fourteenth Amendment to the Constitution of the United States.

32) Defendants' failure to provide medical care needed by Plaintiff when needed by Plaintiff constitutes cruel and unusual punishment and punishment without due process of the law

33) The Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs described herein. Plaintiff has been and will continue to be irreparably injured by the conduct of the defendants unless this court grants Plaintiff reliefs he seeks.

WHEREFORE, Plaintiff respectfully prays that this court enter judgment granting plaintiff:

1) A declaratory judgment that the defendants' acts, policy and practices described herein violate Plaintiffs rights under the United States Constitution.

2) A preliminary and permanent injunction which:

ⓐ Requires defendants to change their policies directing towards confiscation of inmates belongings they are permitted by rules



(2) Prohibits defendants, their agents, employees, successors in interest and all other persons in active concert or participation which rotates around and with them, from harassing, threatening, punishing or retaliating in any way against the Plaintiff because he filed this action, or from transfering Plaintiff to any other institution without his written consent, during the pendency of this action.

3) (c) Compensatory damages in the amount of ($75,000). so seventy five thousand dollars from all of the defendants individually and as an association from their own offical capacities, except defendant members of the group Prime Care.

4) Punitive damages of ($300,000) three hundred thousand dollars from all defendants individually and as an association from each of their own offical capacities.

5) Trial by jury on all issues triable by jury.

6) Plaintiff's cost of this suit

7) Such other and further as this court may deem just, proper and equitable.

Dated: January 4, 2001

Respectfully Submitted,

Nathan Charles Griggs
#35560
Dauphin County Prison
501 Mall Road
Harrisburg, PA 17111

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

NATHAN CHARLES GRIGGS,   :  NO. CV-00-2219
     Plaintiff      :
             :
    v.        :  JURY TRIAL DEMANDED
             :
JOHN D. PAYNE, LOWMAN S. HENRY :
and ANTHONY M. PETRUCCI,   :
individually and in their capacities as  :
Commissioners of Dauphin County;  :
DOMINICK L. DEROSE, individually and in :
his own capacity as Warden of Dauphin County :
Prison;         :
LEONARD K. CARROLL, individually and in :
his capacity as Deputy Warden of Security :
of Dauphin County Prison;    :
MAJOR DENNIS STEWART, CAPTAIN :
PATRICK CORKLE, BRIAN FISHER,  :
SCOTT LEWIS, and ANDREW KLAHR, :
individually and in their capacities as  :
Correctional Officers of Dauphin County :
Prison;         :
PRIME CARE MEDICAL, individually and in :
their capacity as medical service providers :
of Dauphin County Prison,    :
       Defendants  :

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1

   I, Frank J. Lavery, Jr., Esquire, hereby certify that I am counsel for the Moving

Defendants in this matter and that pursuant to Local Rule 7.1 I have not sought the

concurrence/non-concurrence of the Plaintiff with this motion as he is a pro se prisoner.

Respectfully submitted,

LAVERY, FAHERTY,
YOUNG & PATTERSON, P.C.

Date: 4/16/01                    By: _____

Frank J. Lavery, Jr., Esquire
Attorney I.D. #42370
P.O. Box 1245
Harrisburg, PA  17108-1245
(717) 233-6633
Attorney for Defendants

## CERTIFICATE OF SERVICE

I, Kelly Ann Guyer, an employee of the law firm of Lavery, Faherty, Young & Patterson, P.C., do hereby certify that on this ___16th___ day of April, 2001, I served a true and correct copy of the foregoing MOTION TO DISMISS via U.S. First Class mail, postage prepaid, addressed as follows:

Nathan Charles Griggs
Inmate #35560
Dauphin County Prison
501 Mall Road
Harrisburg, PA 17111

Prime Care Medical
Dauphin County Prison
501 Mall Road
Harrisburg, PA 17111

Kelly Ann Guyer