ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NATHAN CHARLES GRIGGS,<br>　　　　Plaintiff | : |
| v. | : |
| JOHN D. PAYNE, LOWMAN S. HENRY<br>and ANTHONY M. PETRUCCI,<br>individually and in their capacities as<br>Commissioners of Dauphin County;<br>DOMINICK L. DEROSE, individually and in<br>his own capacity as Warden of Dauphin County<br>Prison;<br>LEONARD K. CARROLL, individually and in<br>his capacity as Deputy Warden of Security<br>of Dauphin County Prison;<br>MAJOR DENNIS STEWART, CAPTAIN<br>PATRICK CORKLE, BRIAN FISHER,<br>SCOTT LEWIS, and ANDREW KLAHR,<br>individually and in their capacities as<br>Correctional Officers of Dauphin County<br>Prison;<br>PRIME CARE MEDICAL, individually and in<br>their capacity as medical service providers<br>of Dauphin County Prison,<br>　　　　Defendants | NO. CV-00-2219<br><br>JURY TRIAL DEMANDED<br><br>FILED<br>HARRISBURG<br>APR 20 2001<br>MARY E. D'ANDREA, CLERK<br>Per_____<br>　　DEPUTY CLERK |

### DEFENDANTS' BRIEF IN SUPPORT OF MOTION TO DISMISS PURSUANT TO RULE 12(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE

Defendants, John D. Payne, Lowman S. Henry, Anthony M. Petrucci, Dominick L. DeRose, Leonard K. Carroll, Major Dennis Stewart, Captain Patrick Corkle, Brian Fisher, Scott Lewis, and Andrew Klahr (hereinafter, "Moving Defendants"), by and through their authorized counsel, Lavery, Faherty, Young & Patterson, P.C., hereby file this Brief in Support of their Motion to Dismiss Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and in support thereof

state as follows:

## I. FACTUAL/PROCEDURAL HISTORY:

This action was commenced by *pro se* Plaintiff, Nathan Griggs (hereinafter, "Plaintiff"), with the filing of a civil complaint on or about December 20, 2000. Plaintiff is a prisoner at the Dauphin County Prison, and his complaint initially named as Defendants Brian Fisher, Scott Lewis, Andrew Klahr, and Patrick Corkle, all staff members at the Dauphin County Prison. The Complaint arises out of an alleged incident occurring at the Dauphin County Prison, in which Plaintiff avers that the named Moving Defendants tackled and physically assaulted him while acting under color of state law. A true and correct copy of Plaintiff's original Complaint is attached to Moving Defendants' Motion to Dismiss as Exhibit "A."

On or about January 9, 2001, Plaintiff filed an Amended Complaint adding additional parties to the Complaint as Defendants. Specifically, along with the original Defendants, Plaintiff's Amended Complaint adds John D. Payne, Lowman S. Henry, Anthony M. Petrucci, Dominick L. DeRose, Leonard K. Carroll, Major Dennis Stewart, and Prime Care Medical as Defendants to this action. The Amended Complaint arises from the same alleged incident as the original Complaint; however, Plaintiff includes additional factual allegations regarding the alleged incident and attempts to include additional claims against additional named Moving Defendants. Via his Amended Complaint, Plaintiff seeks to obtain declaratory and injunctive relief, as well as punitive damages, in addition to the compensatory damages that were requested in the original Complaint and again sought in the Amended Complaint. A true and correct copy of Plaintiff's Amended Complaint is attached to Moving Defendants' Motion to Dismiss as Exhibit "B."

On or about April 13, 2000, Moving Defendants filed a Motion to Dismiss Plaintiff's

Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6). The basis for Moving Defendant's Motion is that Plaintiff's Complaint and Amended Complaint fail to assert the date on which the alleged incident occurred, and further failed to affirmatively aver that the matter occurred within the relevant statutory period. Therefore, the Complaint and Amended Complaint, as a matter of law, fail to state a claim or cause of action for which relief may be granted. This Brief is filed in support of Moving Defendant's Motion to Dismiss.

II. ISSUES PRESENTED:

    A.    STANDARD OF REVIEW

    B.    WHETHER PLAINTIFF'S ORIGINAL AND AMENDED COMPLAINTS FAIL TO ASSERT CLAIMS OR CAUSES OF ACTION AGAINST MOVING DEFENDANTS FOR WHICH RELIEF MAY BE GRANTED, SUCH THAT THEY SHOULD BE DISMISSED PURSUANT TO RULE 12(B)(6)?

    [SUGGESTED ANSWER: YES]

III. ARGUMENT:

    A.    STANDARD OF REVIEW.

The standard to be applied in consideration of a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is well established. The Court is to accept as true all well-pleaded allegations in the Complaint along with the reasonable inferences that can be drawn therefrom and view in the light most favorable to the non-moving party. Although the Court must, for purposes of such a motion, accept all factual allegations as true, it is not bound as such to accept conclusory allegations of law, unsupported conclusions and unwarranted

inferences or deductions set forth in the Complaint. <u>Schuylkill Energy Resources, Inc. v. Pennsylvania Power and Light Company</u>, 113 F.3d 405 (3rd Cir. 1997); <u>Burks v. City of Philadelphia</u>, 904 F.Supp. 421 (E.D. Pa. 1995); <u>Wayne v. First Citizen's National Bank</u>, 846 F.Supp. 310, 314 (M.D.Pa. 1994). The question before the Court on a motion to dismiss is whether the plaintiff can prove any set of facts in support of his claim which entitles the plaintiff to relief. <u>Hartford Fire Insurance Company v. California</u>, 113 S.Ct. 2891, 2817 (1993); <u>Markowitz v. Northeast Land Company</u>, 906 F.2d 100, 103 (3rd Cir. 1990).

  B. PLAINTIFF'S ORIGINAL AND AMENDED COMPLAINTS FAIL TO ASSERT CLAIMS OR CAUSES OF ACTION AGAINST MOVING DEFENDANTS FOR WHICH RELIEF MAY BE GRANTED, AND SHOULD BE DISMISSED PURSUANT TO RULE 12(B)(6).

Nowhere in Plaintiff's original or Amended Complaint is the date of the alleged incident in any way identified or pleaded. For that matter, not even the month or year of the alleged incident is contained in either the original Complaint, or the Amended Complaint. Plaintiff has an affirmative obligation under applicable law to plead facts sufficient to bring this matter within the applicable two-year statute of limitations. For the purpose of testing the sufficiency of a pleading, averments of time and place are material and shall be considered like all other averments of material matter. Fed. R.Civ.P. 9(f). In <u>Brown v. Stewart</u>, 910 F.Supp. 1064, 1068 (E.D. Pa. 1996), in discussing the pleading requirements for a civil rights action, Judge Cindrich noted:

> "However, the court in <u>Leatherman</u> left open the question of whether a heightened pleading standard may be applied in cases involving individual government officials. 507 U.S. at 166, 113 S.Ct. at 1162, 122 L. Ed. 2d at 523. Therefore, we will continue to apply the heightened pleading standard in cases brought against

government officials in their personal capacities. Complaints satisfy the standard if they allege the specific conduct violating the civil rights at issue, the time and place of the unlawful conduct, and the identify of the responsible officials. (citations omitted)"

Moreover, although the court must take the allegations in a complaint as true in reviewing motions to dismiss, it is not permitted to read into the complaint facts that are not there. Papsan v. Allain, 478 U.S. 265, 268 (1986). Even after Leatherman, a number of courts have ruled that minimal and/or conclusory allegations were insufficient to state a cognizable §1983 claim and have ruled that a complaint must spell out any factual allegations as to the specific incidents of deprivation chargeable to any of the individual defendants. Vance v. County of Santa Clara, 928 F.Supp. 993, 996 (N.D. Cal. 1996); see also, Dumas v. Kipp, 90 F.3d 386 (9th Cir. 1996); Young v. Murphy, 90 F.3d 1225 (7th Cir. 1996); Graham v. Henderson, 89 F.3d 75 (2nd Cir. 1996); and White v. Florida Highway Patrol, 928 F.Supp. 1153 (M.D. Fla. 1996).

Although Plaintiff describes in his Complaint and Amended Complaint the alleged assault and incidents giving rise to his cause of action, Plaintiff does not aver any time frame in which the incidents are alleged to have occurred. It is well established in our jurisprudence that §1983 claims are governed by Pennsylvania's 2-year statute of limitations for personal injury claims. Fitzgerald v. Larson, 769 F.2d 160, 162 (3d Cir. 1985); Knoll v. Springfield Township School District, 763 F.2d 584, 585 (3d Cir. 1985). Plaintiff failed to aver that the alleged incidents in question occurred within the 2-year statutory period.

Upon information and belief, Plaintiff's claims, or some of Plaintiff's claims, are time-barred against all of the Moving Defendants. Most particularly, it is believed that Plaintiff's claims against the Defendants added in the Amended Complaint, John D. Payne, Lowman S. Henry, Anthony M.

Petrucci, Dominick L. DeRose, Leonard K. Carroll and Major Dennis Stewart, are time barred by the applicable statute of limitations.

Because Plaintiff fails to plead the date of the occurrences alleged in his Complaint and Amended Complaint, Plaintiff has failed to plead material facts necessary to state a cause of action against Moving Defendants. Therefore, as a matter of law, Plaintiff's Complaint and Amended Complaint fail to state claims or causes of action upon which relief can be granted.

IV. CONCLUSION:

For all of the foregoing reasons, Plaintiff's Complaint and Amended Complaint should be dismissed with prejudice for failure to state a claim or cause of action for which relief may be granted.

WHEREFORE, Answering Defendants respectfully pray that Plaintiff's Complaint against them be dismissed with prejudice pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Respectfully submitted,

LAVERY, FAHERTY,
YOUNG & PATTERSON, P.C.

Date: 4/19/01

By: _____
Frank J. Lavery, Jr., Esquire
Attorney I.D. #42370
P.O. Box 1245
Harrisburg, PA 17108-1245
(717) 233-6633
Attorney for Moving Defendants

## **CERTIFICATE OF SERVICE**

      I, Kelly Ann Guyer, an employee of the law firm of Lavery, Faherty, Young & Patterson, P.C., do hereby certify that on this 20th day of April, 2001, I served a true and correct copy of the foregoing BRIEF IN SUPPORT OF MOTION TO DISMISS via U.S. First Class mail, postage prepaid, addressed as follows:

Nathan Charles Griggs
Inmate #35560
Dauphin County Prison
501 Mall Road
Harrisburg, PA 17111

Prime Care Medical
Dauphin County Prison
501 Mall Road
Harrisburg, PA 17111

*Kelly A. Guyer* (signature)
Kelly Ann Guyer