Law Clerk's Copy

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NATHAN CHARLES GRIGGS ) | CIVIL ACTION LAW |
| ) | |
| Plaintiff ) | |
| ) | (JUDGE CALDWELL) |
| ) | |
| VS. ) | |
| ) | 00-CV-2219 |
| BRIAN FISHER, SCOTT K. ) | |
| LEWIS, ANDREW KLAHR, ) | |
| PRIME CARE MEDICAL, ) | |
| ROBERT BURNS, AND ) | |
| DAUPHIN COUNTY, ) | |
| ) | JURY TRIAL DEMANDED |

FILED
HARRISBURG
JUN 21 2001
MARY E. D'ANDREA, CLERK
Per_____
DEPUTY CLERK

**PLAINTIFF'S BRIEF IN OPPOSITION TO
DEFENDANTS MOTION TO DISMISS**

I.)   **BACKGROUND**

A.)   **PROCEDURAL HISTORY**

Plaintiff filed his pro se complaint on or about December 20, 2000. He filed an amended complaint on January 9, 2001. On April 16, 2001, the defendants filed a motion to dismiss. This brief is in opposition to that motion. Plaintiff was originally pro se and received no cooperation on procuring documents from the defendants to pin down the exact date and times of the incident he suffered. It was not until June 21, 2001 that plaintiffs new counsel came into possession of sufficient information

1

to represent to this Court and to defendants, that the incident complained of occurred on or about December 28-30 1998, making his December 4, 2000 complaint timely, (even defendants agreed it was filed by December 20, 2000). If plaintiff were given leave to file an amended complaint he would allege therein that the above time frame, between Christmas and New Year 1998 is when the first primary incident in question first occurred.

### B.) FACTUAL HISTORY

Defendants concede that plaintiff describes adequately (MTD, Brief in Support) the assault and the incidents in question but insist that no specific date occurrance statute of is deducible from the face of the complaint. However, after plaintiff filed his complaint he asked for a number of records, the purpose of which was to help him establish an exact date and time and to contact witnesses. See attached hereto and marked Exhibit "A" a copy of plaintiff's "Request for Production of documents, Et cetera, Under Rule 34". This request has, unlawfully, never been honored. Please note ¶'s 3 and 4 of the "Document Request." The purpose of those paragraphs is to gather information (Housing Records) for December 23, 1998 - December 31, 1998 from the "C-Block" and "D-Block" day rooms. These people were witnesses to the matters complained of. Further, the original complaint does, by reference describe the matter as to when it happened by

2

identifying <u>what</u> happened and <u>who</u> was involved. Even further, any CERT team activation, by its nature, creates records, all created and complied by the defendants, who totally control the environment in which the incident occurred. And the CERT team was activated in this case. Even in addition to the above, Andrew Khaki, Brian Fisher, and other guards filed charges against plaintiff (albeit false charges) about what occurred. Thus defendants have more information about the dates of the incident in question that plaintiff and therefore need not have plaintiff actually state a date in the complaint.

**II.) ISSUE**

Did plaintiff pled a valid and timely cause of action?

**III.) ARGUMENT**

Defendants' entire argument is based upon plaintiff's alleged failure to "aver any time frame in which the incidents are alleged to have occurred." Brief in Opposition page 5, 2nd full paragraph. As Exhibit "A" (procured by plaintiff's counsel on June 21, 2001) illustrates, in addition to the averments of the complaint, the plaintiff provided more than sufficient information to put defendants on notice of the matters complained of. Plaintiff need not plead an exact date. So defendants' citations of federal case law, though incontestable, are not really in issue. As to the defendants Payne, Henry, Petrucci, DeRose, Carroll, and Stewart - these defendants

3

at most say "it is believed" that the claims are time barred. This isn't sufficient to support a motion to dismiss. This complaint meets F.R.Civ.P. (8)(15) and 54 requirements. Steel & Wire Corp. v. Strickland Transp.Co. (1967, E.D. NY) 270 F.Supp 264: 27 Fed. Proc. L.Ed.§62:20. At this point the Court should not dismiss the complaint. The defendants know very well when the matters complained of occurred in actuality, and while that may not be the law issue before this Court, factually they have participated in keeping from plaintiff the very information they argue he needs to give them ie. the exact dates and times, the lack of which they complain about. The equities need to be balanced, besides, which, the defendants are adequately noticed. Discovery should be allowed. If discovery yields a technical time defect in plaintiff's complaint, something easily discernable upon further examination of the facts (notice that defendants don't say that the incidents in question, which they are well aware of, occurred more than 2 years prior to the complaint being filed), then the matter can be disposed of. That examination will not yield a time defect.

**WHEREFORE** the Court should deny defendants motion to dismiss.

4

Respectfully Submitted,

*Don Bailey* (signature)

Don Bailey PAID# 23786
4311 N. 6th Street
Harrisburg, Pa 17110
(717) 221-9500

Dated: June 21, 2001

# Request For Production Of Documents, Etcetera, Under Rule 34

I, Plaintiff Nathan Charles Griggs, request defendant Warden Dominick DeRose to respond within fourteen (14) days to the following requests:

That defendant produce and permit plaintiff to inspect and to copy each of the following documents:

(1) The Disciplinary records of Nathan Charles Griggs from February of 1996 through January of 2001.

(2) The Housing records of Nathan Charles Griggs from February of 1996 through January of 2001.

(3) The Housing records of C-block dayroom from December 23rd, 1998 through December 31st, 1998.

(4) The Housing records of D-block dayroom from December 23rd, 1998 through December 31st, 1998.

That defendant allow plaintiff to inspect said documents in one of the counsel and client conference rooms sometime between February 26th 2001 and February 28th 2001 between the hours of eight (8) Ante Meridiem and four (4) Post Meridiem. At which time plaintiff will look over documents, take notes and request copies if needed. Plaintiff will require approximately (75) seventy-five minutes.

Exhibit "A"   Nathan Charles Griggs
              501 Mall Road

## CERTIFICATE OF SERVICE

I hereby certify that on this <sup>22ND DAY OF JUNE 2001</sup> a true and correct copy of the foregoing **PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS** was served upon the following counsel of record by United States Mail, postage prepaid and by Fax:

FRANK LAVERY, ESQ,
301 Market Street
P.O. Box 1245
Harrisburg, Pa 17108-1245

BY: *(signature)*
Don Bailey ID# 23786
4311 N. 6th Street
Harrisburg, PA 17110
(717) 221-9500