ORIGINAL

## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

NATHAN CHARLES GRIGGS,
    Plaintiff

v.      CIVIL NO. 1:CV:00-2219

BRIAN FISHER, ET AL.,      (Judge Caldwell)
    Defendants

FILED
HARRISBURG
JUN 2 5 2001
MARY E. D'ANDREA,
Per_____
DEPUTY CLERK

### DEFENDANT, PRIMECARE MEDICAL'S MOTION TO DISMISS PURSUANT TO F.R.C.P. 12(b)(6)

**AND NOW**, comes the Defendant, PrimeCare Medical, by and through its counsel, Goldberg, Katzman & Shipman, P.C., who files this motion to dismiss pursuant to F.R.C.P. 12(b)(6) by averring the following:

1. Plaintiff acting *pro se* at the time initiated this litigation with the filing of a complaint on December 20, 2000.

2. Plaintiff filed an amended complaint on his own behalf on January 9, 2001 adding as defendants various individuals and entities including PrimeCare Medical.

3. The matter has never properly been served on PrimeCare Medical.

4. However, in an effort to achieve judicial economy, PrimeCare hereby accepts receipt of the amended complaint.

5.  On April 30, 2001, attorney Don Bailey entered his appearance on behalf of the plaintiff.

6.  Plaintiff in his amended complaint claims that on an unspecified date he was a prisoner in the Dauphin County Prison at which time his cell block was being searched for contraband.

7.  Plaintiff alleges that as a result of the search of his cell an altercation allegedly occurred between him and certain prison officials.

8.  The only allegations pertaining to PrimeCare Medical contained in plaintiff's 33 paragraph complaint are as follows:

> 24) Medical (a nurse from the defendant PrimeCare), came to my cell. I told [the] nurse what was wrong. Defendant Corkle had a word with her and she left, acting under the color of state law. Acting under the color of State law defendant PrimeCare allowed Dauphin County prison [to] believe plaintiff was well, . . .
>
> 26) PrimeCare then allows plaintiff to be left in a restraining chair.

9.  Based solely upon these allegations plaintiff asserts under legal claims that defendant's failure to provide medical care when needed by plaintiff constitutes cruel and unusual punishment and punishment without due process of law. See amended complaint paragraph 32.

2

10. The standard for a plaintiff to establish a cause of action for cruel and unusual punishment under the Eighth Amendment in the context of medical care has two prongs:

    a. It requires deliberate indifference on the part of the prison officials, and

    b. It requires that prisoner's medical needs to be serious.

Estelle v. Gamble, 429 U.S. 97 (1976).

11. Plaintiff's amended complaint fails to state sufficient grounds to meet the standard established in Estelle v. Gamble. As such, plaintiff's complaint fails to state a claim upon which relief can be granted against defendant PrimeCare Medical.

12. Plaintiff's amended complaint fails to allege the existence any serious injury.

13. Plaintiff's complaint merely alleges that while plaintiff was being restrained as a result of an alleged altercation between plaintiff and certain prison officials, a nurse followed direction provided by the prison officials.

14. Plaintiff's alleged Section 1983 claim may not be based upon a theory of vicarious liability. Domlin v. Ridge, 58 F.2d 604 (E.D. Pa. 1999).

15. Defendant PrimeCare Medical as an employer may be held directly liable under Section 1983 only where the plaintiff demonstrates that "an employee committed the allegedly unlawful act at issue pursuant to a policy of her or his

3

private corporate employer." Hetzel v. Schwartz, 909 F. Supp. 261, 264 (M.D. Pa. 1995).

16. Plaintiff has not named the nurse as a defendant in this action.

17. Plaintiff has not alleged that in abiding by the prison official's directive or leaving the prisoner in the restraining chair, the nurse was following a policy issued by PrimeCare Medical.

**WHEREFORE**, defendant PrimeCare Medical respectfully requests that this Honorable Court grant its motion to dismiss, and that plaintiff's complaint be dismissed with prejudice.

Respectfully submitted,

**GOLDBERG, KATZMAN & SHIPMAN, P.C.**

By: _____
Thomas J. Weber, Esquire
John R. Ninosky, Esquire
320 Market Street
P.O. Box 1268
Harrisburg, PA 17108
Attorneys for Defendants
Telephone: (717) 234-4161

Date: June 25, 2001
64176.1

4

## CERTIFICATE OF CONCURRENCE

I certify that I contacted Frank J. Lavery, Jr., Esquire and sought concurrence in Defendant's Motion to Dismiss Pursuant to F.R.C.P. 12(b)(6) and concurrence was given.

Respectfully submitted,

GOLDBERG, KATZMAN & SHIPMAN, P.C.

By: _____
Thomas J. Weber, Esquire
John R. Ninosky, Esquire
320 Market Street
P. O. Box 1268
Harrisburg, PA 17108-1268
(717) 234-4161

Attorneys for Defendants

Date: June 25, 2001

## CERTIFICATE OF NON-CONCURRENCE

I, Thomas J. Weber, Esquire, verify that I attempted to contact Plaintiffs' counsel, Don Bailey, for purposes of seeking his concurrence in Defendant's Motion to Dismiss. I was unable to speak with Mr. Bailey, but assume he would not concur.

Respectfully submitted,

**GOLDBERG, KATZMAN & SHIPMAN, P.C.**

By: _____
Thomas J. Weber, Esquire
John R. Ninosky, Esquire
320 Market Street
P.O. Box 1268
Harrisburg, PA 17108
Attorneys for Defendants
Telephone: (717) 234-4161

Date: June 25, 2001

## CERTIFICATE OF SERVICE

I hereby certify that I am this date serving a copy of the foregoing document upon the person(s) and in the manner indicated below, which service satisfies the requirements of the Pennsylvania Rules of Civil Procedure, by depositing a copy of same in the United States Mail, Harrisburg, Pennsylvania, with first-class postage, prepaid, as follows:

Frank J. Lavery, Jr., Esquire
**Lavery, Faherty, Young & Patterson, P.C.**
The Kunkel Building
P. O. Box 1245
Harrisburg, PA 17108-1245

Don Bailey, Esquire
4211 North Sixth Street
Harrisburg, PA 17110

GOLDBERG, KATZMAN & SHIPMAN, P.C.

By: _____
Thomas J. Weber, Esquire
John R. Ninosky, Esquire
320 Market Street
P.O. Box 1268
Harrisburg, PA 17108
Attorneys for Defendants
Telephone: (717) 234-4161

Attorneys for Defendants

Dated: June 25, 2001