ORIGINAL

(24)
6/26/01
sc

# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

NATHAN CHARLES GRIGGS, :
        Plaintiff :
 :
v. : CIVIL NO. 1:CV:00-2219
 :
BRIAN FISHER, ET AL., : (Judge Caldwell)
        Defendants :

**FILED
HARRISBURG

JUN 2 5 2001

MARY E. D'ANDREA, CL[
Per _____
DEPUTY CLERK**

## DEFENDANT PRIMECARE MEDICAL'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS PURSUANT TO F.R.C.P 12(b)(6)

### I.  PROCEDURAL HISTORY

Plaintiff is believed to be incarcerated at the Dauphin County prison. Acting on his own behalf, plaintiff filed a complaint on December 20, 2000 against defendants Brian Fisher, Scott Lewis, Andrew Klahr and Patrick Corkle alleging causes of action sounding out of an altercation that allegedly occurred at the prison on an unspecified date. On January 9, 2001, plaintiff, again acting on his own behalf, filed an amended complaint naming other defendants, including PrimeCare Medical. On March 26, 2001, plaintiff filed an additional amended complaint adding Robert Burns and Dauphin County as defendants.

On April 30, 2001, Attorney Don Bailey entered his appearance on behalf of the plaintiff. Appropriate service has never been effectuated on defendant PrimeCare, nor did the waiver of service be returned in a timely fashion. In an effort to promote

judicial economy, defendant PrimeCare Medical hereby accepts receipt of the amended complaint filed on January 9, 2001, and files this brief in support of its motion to dismiss filed concomitantly herewith.

## II. **STATEMENT OF FACTS**

Plaintiff alleges that while incarcerated at the Dauphin County Prison on an unspecified date, his cell block was being searched for contraband. Plaintiff alleges that upon returning to his cell he noticed that personal items were being discarded. He alleges that he requested that the items be returned, which they were not. As a result, an altercation occurred.

Plaintiff claims that as a result of the altercation, he received certain blows from prison officials and was transferred to a segregated area of the facility. As it pertains to defendant PrimeCare Medical, plaintiff alleges merely when he was transported to the segregated area a nurse was present whom he allegedly informed what had occurred. He alleges that the nurse had a conversation with certain prison officials and PrimeCare allowed the "Dauphin County Prison [to] believe plaintiff was well. (January 9, 2001 amended complaint, ¶24).

Plaintiff further alleges he allowed a toilet to overflow which resulted in the prison tactical response team to be activated and him being placed in a restraining chair. He concludes his allegation against PrimeCare by stating "Prime Care then

2

allows plaintiff to be left in a restraining chair." (January 9, 2001 amended complaint, ¶26)

Plaintiff's complaint does not allege the existence of any serious injury.[1] Further, plaintiff does not allege that in so acting the nurse was following any policy or procedure established by named defendant PrimeCare Medical. Without alleging what medical treatment was withheld at the time of the altercation, plaintiff asserts defendants' failure to provide medical care needed by plaintiff constitutes cruel and unusual punishment and punishment without due process of law.

---

[1] Although not in direct relation to the allegations made against the unnamed nurse, plaintiff does claim that his ribs hurt and he had difficulty breathing. He does not identify how long this condition lasted.

3

### III. ISSUES

    A.    SHOULD THIS HONORABLE COURT DISMISS PLAINTIFF'S CAUSE OF ACTION WHERE HE HAS FAILED TO PLEAD SUFFICIENT FACTS TO DEMONSTRATE A DELIBERATE INDIFFERENCE TO HIS MEDICAL NEEDS?

    Suggested Answer: Yes

## IV. **ARGUMENT**

When considering a Motion to Dismiss, pursuant to F.R.C.P. 12(b)(6) the Court must determine whether the allegations set forth in the Complaint constitute a cause of action as required by F.R.C.P. 8(a). Loftus v. Southeastern Pennsylvania Transportation Authority, 843 F. Supp. 1981, 1986 (E.D. Pa. 1994). For purposes of evaluating a Rule 12(b)(6) Motion, the complaint should be construed in the light most favorable to the plaintiff. Oshiver v. Levin Fishbein Sedran & Berman, 38 F.3d 1380 (3rd Cir. 1994). A motion to dismiss may be granted if, accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to the plaintiff, the plaintiff is not entitled to relief. Nami v. Fauver, 82 F.3d 63, 65 (3rd Cir. 1996). A plaintiff's complaint should be dismissed whenever it appears the plaintiff cannot prove any set of facts in support of his claim which would entitle him to relief. Jenkins v. McKeithen, 395 U.S. 411 (1969), *rehearing denied* 396 U.S. 869.

Plaintiff's amended complaint is filed pursuant to 42 U.S.C. Section 1983, and is premised upon an alleged violation of his Eighth Amendment rights. To state an Eighth Amendment claim, the Supreme Court espoused the standard necessary to establish cruel and unusual punishment in the context of medical care in Estelle v. Gamble, 429 U.S. 97. The standard has two prongs: 1) it requires deliberate indifference on the part of the prison officials, and 2) it requires the prisoner's medical needs to be serious. Estelle v. Gamble, supra.

A plaintiff must initially plead and ultimately prove specific facts which show the defendant exhibited a "deliberate indifference" to his serious medical needs. Little v. Lycoming County, 912 F. Supp. 809, 815 (M.D. Pa. 1996), aff'd 101 F.3d 691 (3rd Cir. 1996). Deliberate indifference is more than inadvertence or a good faith error; it is characterized by "obdurance and wantonness." Whitley v. Albers, 475 U.S. 312, 319 (1986). Negligent misdiagnosis or an inadvertent failure to provide care does not establish a constitutional violation. Estelle, *supra*. Further, there must be proof that the conduct alleged was deliberate and intentional. Hampton v. Holmesburg, 546 F.2d 1077, 1081 (3rd Cir. 1976). In the present matter, plaintiff fails to allege that Defendant, PrimeCare Medical, intentionally refused to provide medical care. All plaintiff has alleged is an unnamed nurse from PrimeCare spoke with a prison official near the time of the initial altercation and further she allowed him to remain in a restraining chair after he allowed a toilet to overflow.

A review of plaintiff's amended complaint establishes the focus of plaintiff's claims are against the prison officials as a result of the altercation. He makes no reference of requiring any subsequent treatment. He does not even reference a specific injury.

Additionally, a Section 1983 claim may not be based upon a theory of vicarious liability. See Donlan v. Ridge, 58 F. Supp.2d 604 (E.D. Pa. 1999) and Youse v. Carlucci, 867 F. Supp. 317, 319 (E.D. Pa. 1994). An employer may be held directly

6

liable under Section 1983 only where the plaintiff demonstrates that "an employee committed the alleged unlawful act at issue pursuant to a policy of her or his private corporate employer." <u>Hetzel v. Swartz</u>, 909 F. Supp. 261, 264 (M.D. Pa. 1995). There are no allegations that any employee or agent of Defendant, PrimeCare Medical, performed any unlawful acts. Moreover, there are no allegations concerning any PrimeCare Medical policies or procedures. Thus, Defendant, PrimeCare Medical, cannot be found liable for the alleged constitutional violations of its doctors who treated plaintiff.

Plaintiff's Complaint in no way demonstrates a cause of action for a violation of the Eighth Amendment against Defendant, PrimeCare Medical. Therefore, it is respectfully requested that plaintiff's Complaint be dismissed with prejudice.

Respectfully submitted,

**GOLDBERG, KATZMAN & SHIPMAN, P.C.**

By: _____
Thomas J. Weber, Esquire
John R. Ninosky, Esquire
320 Market Street
P.O. Box 1268
Harrisburg, PA 17108
Attorneys for Defendants

Telephone: (717) 234-4161

Date: June 25, 2001
64171.1

7

## CERTIFICATE OF SERVICE

I hereby certify that I am this date serving a copy of the foregoing document upon the person(s) and in the manner indicated below, which service satisfies the requirements of the Pennsylvania Rules of Civil Procedure, by depositing a copy of same in the United States Mail, Harrisburg, Pennsylvania, with first-class postage, prepaid, as follows:

Frank J. Lavery, Jr., Esquire
**Lavery, Faherty, Young & Patterson, P.C.**
The Kunkel Building
P. O. Box 1245
Harrisburg, PA 17108-1245

Don Bailey, Esquire
4211 North Sixth Street
Harrisburg, PA 17110

GOLDBERG, KATZMAN & SHIPMAN, P.C.

By: _____
Thomas J. Weber, Esquire
John R. Ninosky, Esquire
320 Market Street
P.O. Box 1268
Harrisburg, PA 17108
Attorneys for Defendants
Telephone: (717) 234-4161

Attorneys for Defendants

Dated: June 25, 2001