(25)
7-6-01
SC

ORIGINAL

FILED
HARRISBURG

JUL = 5 2001

MARY E. D'ANDREA, CLERK
Per_____
DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NATHAN CHARLES GRIGGS,<br>Plaintiff | : <br> : <br> : |
| v. | : <br> : |
| JOHN D. PAYNE, LOWMAN S. HENRY<br>and ANTHONY M. PETRUCCI,<br>individually and in their capacities as<br>Commissioners of Dauphin County;<br>DOMINICK L. DEROSE, individually and in<br>his own capacity as Warden of Dauphin County<br>Prison;<br>LEONARD K. CARROLL, individually and in:<br>his capacity as Deputy Warden of Security<br>of Dauphin County Prison;<br>MAJOR DENNIS STEWART, CAPTAIN<br>PATRICK CORKLE, BRIAN FISHER,<br>SCOTT LEWIS, and ANDREW KLAHR,<br>individually and in their capacities as<br>Correctional Officers of Dauphin County<br>Prison;<br>PRIME CARE MEDICAL, individually and in:<br>their capacity as medical service providers<br>of Dauphin County Prison,<br>Defendants | : NO. CV-00-2219<br> : <br> : <br> :JURY TRIAL DEMANDED<br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : |

## DEFENDANTS' REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS PURSUANT TO RULE 12(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE

Defendants, John D. Payne, Lowman S. Henry, Anthony M. Petrucci, Dominick L. DeRose, Leonard K. Carroll, Major Dennis Stewart, Captain Patrick Corkle, Brian Fisher, Scott Lewis, and Andrew Klahr (hereinafter, "Moving Defendants"), by and through their authorized counsel, Lavery, Faherty, Young & Patterson, P.C., hereby file this Reply Brief in Support of their Motion to Dismiss Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and in support thereof state as follows:

## I. FACTUAL/PROCEDURAL HISTORY:

Moving Defendants incorporate by reference herein the Factual/Procedural History section of their original brief in support of their motion to dismiss, as though set forth in full. By way of further history, on or about June 22, 2001, Plaintiff filed a brief in opposition to Moving Defendants' motion to dismiss. In his brief, Plaintiff admits that the alleged incident(s) from which his claims arise occurred on or between December 28 and 30, 1998 (See Plaintiff's Brief, p. 2)

II. <u>ISSUES PRESENTED:</u>

    A.    STANDARD OF REVIEW

    B.    WHETHER PLAINTIFF'S ORIGINAL AND AMENDED COMPLAINTS FAIL TO ASSERT CLAIMS OR CAUSES OF ACTION AGAINST MOVING DEFENDANTS FOR WHICH RELIEF MAY BE GRANTED, SUCH THAT THEY SHOULD BE DISMISSED PURSUANT TO RULE 12(B)(6)?

    [SUGGESTED ANSWER: YES]

III. <u>ARGUMENT:</u>

    A.    STANDARD OF REVIEW.

Moving Defendants incorporate by reference herein the Standard of Review section contained in their original brief in support of their motion to dismiss, as though set forth in full.

    B.    PLAINTIFF'S ORIGINAL AND AMENDED COMPLAINTS FAIL TO ASSERT CLAIMS OR CAUSES OF ACTION AGAINST MOVING DEFENDANTS FOR WHICH RELIEF MAY BE GRANTED, AND SHOULD BE DISMISSED PURSUANT TO RULE 12(B)(6).

Moving Defendants incorporate by reference herein the Argument contained in Section B of their original brief in support of their motion to dismiss, as though set forth in full. By way of further argument, Moving

3

Defendants respectfully submit that admissions contained in Plaintiff's brief in opposition to Moving Defendants' Motion to Dismiss require this Honorable Court to dismiss the Amended Complaint as to all Additional Defendants named therein. Furthermore, the Plaintiff must be required to further amend his Amended Complaint to bring his averments into compliance with the Rules of Civil Procedure as to the requisite specificity of Plaintiff's claims.

Plaintiff avers in his brief that the incidents from which he cause of action arose occurred between December 28, 1998 and December 30, 1998. Plaintiff's Amended Complaint was filed on or about April 16, 2001, more than two years after the dates averred by Plaintiff. Therefore, Plaintiff's claims against the defendants added to the suit via the Amended Complaint, John D. Payne, Lowman S. Henry, Anthony M. Petrucci, Dominick L. DeRose, Leonard K. Carroll and Major Dennis Stewart, are time barred by the applicable statute of limitations. Plaintiff's Amended Complaint must be dismissed against these defendants, as a matter of law.

Plaintiff contends that he should be excused from pleading his allegations with the requisite specificity because Plaintiff asked for records

after filing his complaint, but was never provided with same. Attached as Exhibit "A" to Plaintiff's brief is a copy of a document which is purported to be a discovery request served upon the Dauphin County Prison. However, Plaintiff's exhibit contains neither a caption identifying the "Request for Production" as part of an existing law suit, nor a date on which the request was alleged to have been served. Notwithstanding the lack of identifying information on Plaintiff's Request for Production, Plaintiff apparently is representing that the Request was served prior to February 26, 2001, on which date the Request schedules Plaintiff's inspection of Prison files. Based upon Plaintiff's knowledge, held prior to February 26, 2001, that the alleged incidents at issue in the Amended Complaint occurred between December 23, 1998 and December 31, 1998, Plaintiff should not be excused for his failure to plead the date of the occurrences alleged in his Complaint and Amended Complaint. In both his Complaint and Amended Complaint, Plaintiff has failed to plead material facts necessary to state a cause of action against Moving Defendants. Therefore, as a matter of law, Plaintiff's Complaint and Amended Complaint fail to state claims or causes of action upon which relief can be granted. Moreover, it is now clear that Amended

Complaint adding Defendants Petrucci, Payne, Henry, DeRose, Carroll and Stewart is untimely under the relevant two year statute of limitations.

IV. <u>CONCLUSION</u>:

For all of the foregoing reasons, Plaintiff's Complaint and Amended Complaint should be dismissed with prejudice for failure to state a claim or cause of action for which relief may be granted. In the alternative, Plaintiff should be required to plead over with specificity his allegations against those Moving Defendants not dismissed from this action for Plaintiff's failure to timely file against them. Finally, under any scenario, Defendants Petrucci, Payne, Henry, DeRose, Carroll and Stewart should be dismissed from this case.

WHEREFORE, Answering Defendants respectfully pray that Plaintiff's Complaint against them be dismissed with prejudice pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Respectfully submitted,

LAVERY, FAHERTY
YOUNG & PATTERSON, P.C.

Date: 7/3/01

By:

Frank J. Lavery, Jr., Esquire
Attorney I.D. #    42370
P.O. Box 1245
Harrisburg, PA  17108-1245
(717) 233-6633
Attorney for Moving  Defendants

## CERTIFICATE OF SERVICE

I, Megan L. Renno, an employee of the law firm of Lavery, Faherty, Young & Patterson, P.C., do hereby certify that on this 5th day of July, 2001, I served a true and correct copy of the foregoing REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS via U.S. First Class mail, postage prepaid, addressed as follows:

Don Bailey, Esquire
4311 North 6th Street
Harrisburg, PA 17110

Prime Care Medical
Dauphin County Prison
501 Mall Road
Harrisburg, PA 17111

Megan L. Renno

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NATHAN CHARLES GRIGGS | ) | CIVIL ACTION LAW |
| | ) | |
| **Plaintiff** | ) | |
| | ) | **(JUDGE CALDWELL)** |
| | ) | |
| VS. | ) | |
| | ) | 00-CV-2219 |
| BRIAN FISHER, SCOTT K. | ) | |
| LEWIS, ANDREW KLAHR, | ) | |
| PRIME CARE MEDICAL, | ) | |
| ROBERT BURNS, AND | ) | |
| DAUPHIN COUNTY, | ) | |
| | ) | **JURY TRIAL DEMANDED** |

## PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANTS MOTION TO DISMISS

### I.)    BACKGROUND

#### A.)    PROCEDURAL HISTORY

Plaintiff filed his pro se complaint on or about December 20, 2000. He filed

an amended complaint on January 9, 2001. On April 16, 2001, the defendants filed a

motion to dismiss. This brief is in opposition to that motion. Plaintiff was originally

pro se and received no cooperation on procuring documents from the defendants to

pin down the exact date and times of the incident he suffered. It was not until June

21, 2001 that plaintiffs new counsel came into possession of sufficient information

1

to represent to this Court and to defendants, that the incident complained of

occurred on or about December 28-30 1998, making his December 4, 2000

complaint timely, (even defendants agreed it was filed by December 20, 2000). If

plaintiff were given leave to file an amended complaint he would allege therein that

the above time frame, between Christmas and New Year 1998 is when the first

primary incident in question first occurred.

### B.) FACTUAL HISTORY

Defendants concede that plaintiff describes adequately (MTD, Brief in

Support) the assault and the incidents in question but insist that no specific date

occurrance statute of is deducible from the face of the complaint. However, after

plaintiff filed his complaint he asked for a number of records, the purpose of which

was to help him establish an exact date and time and to contact witnesses. See

attached hereto and marked Exhibit "A" a copy of plaintiff's "Request for

Production of documents, Et cetera, Under Rule 34". This request has, unlawfully,

never been honored. Please note ¶'s 3 and 4 of the "Document Request." The

purpose of those paragraphs is to gather information (Housing Records) for

December 23, 1998 - December 31, 1998 from the "C-Block" and "D-Block" day

rooms. These people were witnesses to the matters complained of. Further, the

original complaint does, by reference describe the matter as to when it happened by

identifying <u>what</u> happened and <u>who</u> was involved. Even further, any CERT team activation, by its nature, creates records, all created and complied by the defendants, who totally control the environment in which the incident occurred. And the CERT team was activated in this case. Even in addition to the above, Andrew Khaki, Brian Fisher, and other guards filed charges against plaintiff (albeit false charges) about what occurred. Thus defendants have more information about the dates of the incident in question that plaintiff and therefore need not have plaintiff actually state a date in the complaint.

## II.)    ISSUE

Did plaintiff pled a valid and timely cause of action?

## III.)    ARGUMENT

Defendants' entire argument is based upon plaintiff's alleged failure to "aver any time frame in which the incidents are alleged to have occurred." Brief in Opposition page 5, 2nd full paragraph. As Exhibit "A" (procured by plaintiff's counsel on June 21, 2001) illustrates, in addition to the averments of the complaint, the plaintiff provided more than sufficient information to put defendants on notice of the matters complained of. Plaintiff need not plead an exact date. So defendants' citations of federal case law, though incontestable, are not really in issue. As to the defendants Payne, Henry, Petrucci, DeRose, Carroll, and Stewart - these defendants

3

at most say "it is believed" that the claims are time barred. This isn't sufficient to support a motion to dismiss. This complaint meets F.R.Civ.P. (8)(15) and 54 requirements. <u>Steel & Wire Corp. v. Strickland Transp.Co.</u> (1967, E.D. NY) 270 F.Supp 264: 27 Fed. Proc. L.Ed.§62:20. At this point the Court should not dismiss the complaint. The defendants know very well when the matters complained of occurred in actuality, and while that may not be the law issue before this Court, factually they have participated in keeping from plaintiff the very information they argue he needs to give them ie. the exact dates and times, the lack of which they complain about. The equities need to be balanced, besides, which, the defendants are adequately noticed. Discovery should be allowed. If discovery yields a technical time defect in plaintiff's complaint, something easily discernable upon further examination of the facts (notice that defendants don't say that the incidents in question, which they are well aware of, occurred more than 2 years prior to the complaint being filed), then the matter can be disposed of. That examination will not yield a time defect.

   **WHEREFORE** the Court should deny defendants motion to dismiss.

Respectfully Submitted,

Don Bailey PA ID# 23786
4311 N. 6th Street
Harrisburg, Pa 17110
(717) 221-9500

Dated: June 21, 2001

# REQUEST FOR PRODUCTION OF
# DOCUMENTS, ETCETERA, UNDER RULE 34

I, Plaintiff Nathan Charles Griggs request defendant Warden Dominick DeRose to respond within fourteen (14) days to the following requests:

That defendant produce and permit plaintiff to inspect and to copy each of the following documents;

(1) The Disciplinary records of Nathan Charles Griggs from February of 1996 through January of 2001.

(2) The Housing records of Nathan Charles Griggs from February of 1996 through January of 2001.

(3) The Housing records of C-block dayroom from December 23rd 1998 through December 31st 1998.

(4) The Housing records of D-block dayroom from December 23rd 1998 through December 31st 1998.

That defendant allow plaintiff to inspect said documents in one of the counsel and client conference rooms sometime between February 26th 2001 and February 28th 2001 between the hours of eight (8) Ante Meridiem and four (4) Post Meridiem. At which time plaintiff will look over documents, take notes and request copies if needed. Plaintiff will require approximately (75) seventy five minutes.

Exhibit "A"    Nathan Charles Griggs
                   501 Mall Road

## CERTIFICATE OF SERVICE

I hereby certify that on this 22ND DAY OF JUNE 2001 a true and correct copy of the

foregoing **PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANTS'**

**MOTION TO DISMISS** was served upon the following counsel of record by

United States Mail, postage prepaid and by Fax:

FRANK LAVERY, ESQ,
301 Market Street
P.O. Box 1245
Harrisburg, Pa 17108-1245

BY: _____
Don Bailey ID# 23786
4311 N. 6th Street
Harrisburg, PA 17110
(717) 221-9500