*see at*

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

NATHAN CHARLES GRIGGS,  :
      Plaintiff  :
                         :
   v.               :   CIVIL NO. 1:00-CV-2219
                        :
BRIAN FISHER, et al.,  :   (Judge Caldwell)
                        :
      Defendants  :

FILED
HARRISBURG, PA

DEC 0 3 2001

MARY E. D'ANDREA, CLERK
PER _____ DEPUTY CLERK

M E M O R A N D U M

I.   Introduction.

Plaintiff, Nathan Charles Griggs, an inmate at the Dauphin County Prison, filed this 42 U.S.C. § 1983 civil rights action pro se seeking to recover for an alleged assault by prison guards and a subsequent lack of medical care. He is proceeding without full prepayment of the filing fee.

We are considering two motions to dismiss, one filed by some of the individual defendants who are officials with, or who work for, the County (the "Dauphin County Defendants," for the purpose of this motion), and the other by defendant, Prime Care Medical, a private company that provides medical care for County inmates.

The motion filed by the Dauphin County defendants argues that the complaint should be dismissed because it fails to allege an essential element of Plaintiff's claim, the date of the alleged incident giving rise to it. In their reply brief, these defendants

also argue that the claims against defendants Petrucci, Payne, Henry, DeRose, Carroll and Stewart are time-barred. The motion filed by Prime Care Medical argues that the allegations against it fail to state a claim upon which relief may be granted because they do not allege deliberate indifference to a serious medical need.

After review of the briefs, we have decided to deny the Dauphin County Defendants' motion. We will also grant Prime Care Medical's motion because Plaintiff's counsel has not opposed it, as required by Local Rule 7.6. And, on our own motion, pursuant to 28 U.S.C. § 1915(e)(2), we will dismiss Griggs' claims against defendants Robert Burns, John Payne, Lowman Henry, Anthony Petrucci and Dauphin County for failure to state a claim upon which relief may be granted.

II. Background.

On December 20, 2000, Plaintiff filed his original complaint pro se, alleging that he had been assaulted by four correctional officers, Brian Fisher, Scott Lewis, Andrew Klahr and Patrick Corkle, and naming them as the defendants.

On January 9, 2001, Griggs filed an amended complaint pro se adding seven new defendants: the three Dauphin County Commissioners, John Payne, Lowman Henry and Anthony Petrucci; the prison warden, Dominick DeRose; the prison's deputy of security,

Leonard Carroll; the prison's major of the guard, Dennis Stewart; and the prison's contract health-care provider, Prime Care Medical. In the amended complaint, Plaintiff repeated the assault allegations and added a claim that he had been denied medical care after the assault. In pertinent part, he alleged that DeRose, Carroll and Stewart had been made aware of his condition after the assault but chose to avoid their duty and neglect his health. (Amended complaint, ¶ 28). He alleged that Payne, Henry and Petrucci were liable because, as Dauphin County commissioners, they "are to know all that has, is or will be going on in Dauphin County Prison." (Id., ¶ 29).

On March 26, 2001, Griggs filed a pro se document he captioned as an "amendment for complaint." This filing did not repeat the factual averments of the amended complaint. It simply added two more defendants, Robert Burns, the "Chief County Administrator/Chief Clerk" and Dauphin County, and stated Plaintiff's theory of liability against them, respondeat superior. It also alleged that the assault occurred on December 29, 1998, an allegation not present in either of the two previous pleadings. (After this document was filed, on April 30, 2001, Attorney Don Bailey entered his appearance on behalf of Plaintiff.)

III. <u>Discussion</u>.

   A. <u>The Claims Against Defendants Robert Burns, John Payne, Lowman Henry, Anthony Petrucci and Dauphin County</u>.

The allegations against defendants, Robert Burns, John Payne, Lowman Henry, Anthony Petrucci and Dauphin County, are based solely on a theory of <u>respondeat superior</u>, a theory that is insufficient to impose liability on individual defendants in civil rights actions, <u>see</u> <u>Rode v. Dellarciprete</u>, 845 F.2d 1195 (3d Cir.1988); <u>Hampton v. Holmesburg Prison Officials</u>, 546 F.2d 1077, 1082 (3d Cir.1976), as well on a municipality like Dauphin County. <u>See</u> <u>Monell v. Department of Social Servs</u>., 436 U.S. 658, 691(1978). Accordingly, pursuant to our authority under 28 U.S.C. § 1915(e)(2)(B)(ii), we will dismiss the action as against these defendants.[1]

   B. <u>Prime Care Medical's Motion to Dismiss</u>.

Prime Care Medical contends the amended complaint should be dismissed as Griggs failed to set forth against it an Eighth Amendment claim of deliberate indifference. Plaintiff's counsel did not file a brief in opposition to this motion although he did

---

[1] Griggs was required to seek leave of court to file his "amendment for complaint" adding Burns and the County since he had already filed an amended complaint. <u>See</u> Fed. R. Civ. P. 15(a). We ignore this procedural violation for these motions.

oppose the motion of the Dauphin County Defendants. Prime Care Medical's motion will thus be granted, see Local Rule 7.6,[2] and this defendant will be dismissed from this action.

    C. <u>Dauphin County Defendants' Motion to Dismiss</u>.

In their motion to dismiss, the Dauphin County Defendants (the individual defendants except Burns, all of whom are officials with, or who work for, the County) argue that the amended complaint should be dismissed because it fails to allege an essential element of Plaintiff's claim, the date of the alleged incident giving rise to it. They rely on Fed. R. Civ. P. 9(f) which provides: "For the purpose of testing the sufficiency of a pleading, averments of time and place are material and shall be considered like all other averments of material matter." Consequently, they contend that "Plaintiff has an affirmative duty under applicable law to plead facts sufficient to bring this matter within the applicable two-year statute of limitations." (Supporting brief at p. 4).

There is some support for Defendants' position. See <u>KBT Corp., Inc. v. Ceridian Corp.</u>, 966 F. Supp. 369, 375 (E.D. Pa.

---

[2] Local Rule 7.6 provides that the party against whom the motion and brief thereon is filed must file a brief in opposition to the moving party's motion, ..., within fifteen (15) days of the filing of the brief thereon. If he or she does not file his or her brief and other documentation within the same time frame, Local Rule 7.6 provides that he or she shall be deemed <u>not</u> to oppose the moving party's motion and the motion may therefore be granted.

-5-

1997)(under Rule 9(f), the plaintiff must plead dates so that a defendant can raise applicable defenses such as the statute of limitations). However, we side with those cases that have decided that the Rule does not require allegations of time and place; that it only renders such allegations material when they have been made. See Jairett v. First Montauk Securities Corp., 203 F.R.D. 181, 186 (E.D. Pa. 2001). The statute of limitations is, after all, an affirmative defense, see Fed. R. Civ. P. 8(c), so it is difficult to see how allegations of time are essential elements of a claim that must be pleaded, absent a broader argument by a defendant that the failure to plead the date of an occurrence renders the complaint too vague to respond to. The Dauphin County Defendants' argument is not that broad. Instead, the argument is a narrow one that Rule 9(f) mandates that a plaintiff plead the date of the occurrence.

A two-year statute of limitations applies to federal civil right actions under 28 U.S.C. § 1983. See Urrutia v. Harrisburg County Police Depart., 91 F.3d 451, 457 (3d Cir. 1996). In his "amendment for complaint" Plaintiff avers that the defendant correctional officers attacked him on December 29, 1998. In their reply brief, the Defendants argue that the claims against defendants Petrucci, Payne, Henry, DeRose, Carroll and Stewart are

thus time-barred because the amended complaint joining them was not filed until January 9, 2001, more than two years later.

We need only deal with this argument as it relates to DeRose, Carroll and Stewart since we have already decided to dismiss the action against the other defendants. Our review of the amended complaint indicates that the allegations against DeRose, Carroll and Stewart extend beyond the assault, so we prefer not to dismiss them from this case on limitations grounds at this time.

We will issue an appropriate order.

                        /s/ William W. Caldwell
                        WILLIAM W. CALDWELL
                        United States District Judge

Date: December 3, 2001

-7-

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

NATHAN CHARLES GRIGGS,  :
      Plaintiff  :
        :
v.  :  CIVIL NO. 1:00-CV-2219
        :
BRIAN FISHER, et al.,  :  (Judge Caldwell)
        :
      Defendants  :

**FILED**
**HARRISBURG, PA**

**DEC 0 3 2001**

MARY E. D'ANDREA, CLERK
PER _____ DEPUTY CLERK

O R D E R

AND NOW, this 3rd day of December, 2001, it is ordered that:

    1. Griggs' pleading against defendants Burns and Dauphin County, styled as "amendment for complaint" (doc. 15), is dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state claim upon which relief may be granted, and defendants Burns and Dauphin County are dismissed from this action.

    2. Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) defendants Petrucci, Payne and Henry are dismissed from this action for failure to state claim against them upon which relief may be granted.

    3. Defendant Prime Care Medical's motion to dismiss (doc. 23), deemed unopposed pursuant to M.D.L.R. 7.6, is granted, and Prime Care Medical is dismissed from this action.

    4. In all other respects, the motion to dismiss (doc. 17) of the Dauphin County Defendants (John Payne, Lowman Henry, Anthony Petrucci, Dominick L. DeRose, Leonard K. Carroll, Major Dennis Stewart, Captain Patrick Corkle, Brian Fisher, Scott Lewis and Andrew Klahr) is denied.

    5. The following defendants remain in the case: Dominick L. DeRose, Leonard K. Carroll, Major Dennis Stewart, Captain Patrick Corkle, Brian Fisher, Scott Lewis and Andrew Klahr.

*/s/ William W. Caldwell*
WILLIAM W. CALDWELL
United States District Judge