**ORIGINAL**

Attorneys for Plaintiff
Don Bailey Esquire
4311 N. 6th Street
Harrisburg, PA 17110

Attorneys for Defendant
Jay R. Braderman, Esquire
126 Locust Street
P.O. Box 11489
Harrisburg, Pa 17108-1489

FILED
HARRISBURG, PA
MAY 29 2002
MARY E. D'ANDREA, CLERK
Per _____
Deputy Clerk

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NATHAN CHARLES GRIGGS | CASE NO. 00-CV-2219 |
| VS | JUDGE CALDWELL ✓ |
| BRIAN FISHER, SCOTT L. LEWIS, ANDREW KLAHR, PRIME CARE MEDICAL, ROBERT BURNS, AND DAUPHIN COUNTY, | |

JOINT CASE MANAGEMENT PLAN

**Instructions**: In many cases there will be more parties in the action than there are spaces provided in this form. Each party shall provide all requested information. If the space on this form is not sufficient, the form should be retyped or additional pages attached.

No party may submit a separate Case Management Plan. Disagreements among parties with respect to any of the matters below shall set be set forth in the appropriate section.

Having complied with the meet and confer requirements set forth in the LOCAL RULES, or with any orders specifically modifying their application in the above-captioned matter, the parties hereby submit the following Joint Case Management Plan.

1. **Principal Issues**

1.10 Separately for each party, please give a statement summarizing this case:

By plaintiff(s):

Plaintiff objected to pictures of his children which had been inappropriately thrown in the trash by guards. Consequently the plaintiff was sprayed with mace and beaten and kicked while on the floor repeatedly.

By defendant(s):

Plaintiff's characterization of events given rise to this lawsuit are primarily not true.

The principal <u>factual</u> issues that the parties

<u>dispute</u> are:

1.11 Plaintiff assaulted defendants; defendants didn't assault plaintiff.

1.12

1.13

<u>agree</u> upon are:

1.20 Plaintiff flooded his cell.

1.21

1.22

1.30 The principal <u>legal</u> issues that the parties

<u>dispute</u> are:

1.31 Dismissal of defendants Stuart, DeRose, Carroll and Fisher.

1.32

1.33

<u>agree</u> upon are:

1.40

1.41

1.42

1.50    Identify any unresolved issues as to service of process, personal jurisdiction, subject matter jurisdiction, or venue:

>   N.A.
>   Defendant/Brian Fisher

1.60    Identify any named parties that have not yet been served:

>   N.A.
>   Defendant/Brian Fisher

1.70    Identify any additional parties that:

plaintiff(s) intends to join:

>   N.A.

defendant(s) intends to join:

1.80    Identify any additional claims that:

plaintiff(s) intends to add:

>   N.A.

defendant(s) intends to add:

2.0 **Alternative Dispute Resolution ("ADR")**

    2.10    Identify any ADR procedure to which this case already has been assigned or which the parties have agreed to use.

        ADR procedure_____

        Date ADR to be commenced_____
        Date ADR to be completed_____

    2.20    If the parties have been unable to agree on an ADR procedure, but one or more parties believes that the case is appropriate for such a procedure, identify the party or parties that recommend ADR and the specific ADR process recommended:

    2.30    If all parties share the view that no ADR procedure should be used in this case, set forth the basis for that view:

3.0    **Consent to Jurisdiction by a Magistrate Judge**

Indicate whether all parties agree, pursuant to 28 U.S.C. § 636(c)(1), to have a magistrate judge preside as the judge of the case with appeal lying to the United States Court of Appeals for the Third Circuit:

All parties agree to jurisdiction by a magistrate judge of this court: <u>X</u>  Y _ N.

If parties agree to proceed before a magistrate judge, please indicate below which location is desired for the proceedings:

        ____ Scranton
        ____ Wilkes-Barre
        <u>X</u>    Harrisburg

**4.0** **Disclosures**

    4.100 Separately for each party, list by <u>name and title/position</u> each person whose identity has been disclosed.

        4.101 ............................ Disclosed by _____:

| Name | Title/Position |
|---|---|
| 4.102 <u>NATHAN GRIGGS</u> | PLAINTIFF |
| 4.103 BRIAN FISHER | DEFENDANT |
| 4.104 SCOTT K. LEWIS | DEFENDANT |
| 4.105 ANDREW KLAHR | DEFENDANT |
| 4.106 ROBERT BURNS | DEFENDANT |

        4.151 Disclosed by <u>Defendants</u>:

| Name | Title/Position |
|---|---|
| 4.152 _____ | _____ |
| 4.153 _____ | _____ |
| 4.154 _____ | _____ |
| 4.155 _____ | _____ |

    4.200 Separately for each party, describe by <u>categories</u> the documents that have been disclosed or produced through formal discovery, indicating which categories relate (even if not exclusively) to damages:

        4.201 Categories of documents disclosed by Plaintiff:

            4.202 <u>None to date</u>

            4.203 _____

            4.204 _____

    4.205 _____

   4.251  Categories of documents disclosed by_____
_____:

    4.252 _____

    4.253 _____

    4.254 _____

    4.255 _____

  4.300 <u>Additional Documents Disclosures</u>: Separately for each party, describe each additional category of documents that will be disclosed without imposing on other counsel the burden of serving a formal request for production of documents:

   4.301  Additional categories of documents_____
_____will disclose:
                   (party)

    4.302 _____

    4.303 _____

    4.304 _____

   4.351  Additional categories of documents_____
_____will disclose:
                   (party)

    4.352 _____

    4.353 _____

    4.354 _____

4.400 Separately for each party who claims an entitlement to damages or an offset, set forth the computation of the damages or of the offset:

4.401   plaintiff's calculation of damages:

Violation of compensatory and punitive damages for violation of Constitution of rights, humiliation, embarrassment and pain and suffering.

4.402   defendant's calculation of offset:

4.403   counter claimant/third party claimant's calculation of damages:

## 5.0   Motions

Identify any motion(s) whose early resolution would <u>likely</u> have a significant effect either on the scope of discovery or other aspects of the litigation:

| Nature of Motion | Moving Party | Anticipated Filing Date |
|---|---|---|
| Summary Judgement | | Close of discovery |

## 6.0   Discovery

6.100 Briefly describe any discovery that has been completed or is in progress:

By plaintiff(s): None to date.

By defendant(s):

6.200 Describe any <u>discovery</u> that all <u>parties agree</u> should be conducted, indicating for each discovery undertaking its purpose or what kinds of information will be developed through it (e.g., "plaintiff will depose Mr. Jones, defendant's controller, to learn what defendant's revenue recognition policies were and how they were applied to the kinds of contracts in this case"):

Defendants will depose plaintiff.

6.300 Describe any <u>discovery</u> that one or more parties want(s) to conduct but <u>to which another party objects</u>, indicating for each such discovery undertaking its purpose or what kinds of information would be developed through it:

Plaintiff will depose the defendants and other witnesses that become known when discovery ensues.

6.400 Identify any <u>subject area limitations on discovery</u> that one or more parties would like imposed, at the first stage of or throughout the litigation:

6.500 For each of the following discovery tools, <u>recommend the per-party or per-side limitation</u> (specify a number) that should be fixed, subject to later modification by stipulation or court order on an appropriate showing (where the parties cannot agree, set forth separately the limits recommended by plaintiff(s) and by defendant(s)):

    6.501    depositions (excluding experts) to be taken by:

    plaintiff(s): <u>10</u>    defendant(s): <u>10</u>

    6.502    interrogatories to be served by:

    plaintiff(s): <u>12</u>    defendant(s): <u>12</u>

    6.503    document production requests to be served by:

    plaintiff(s): <u>25 sets</u>    defendant(s): <u>25</u>

    6.504    requests for admission to be served by:

    plaintiff(s): <u>50</u>    defendant(s): <u>50</u>

6.600 All discovery commenced in time to be completed by: <u>December 2, 2002</u>

6.700 Reports from retained experts due:

from plaintiff(s) by <u>December 2002</u>
from defendant(s) by <u>January 2003</u>

6.800   Supplementations due   June 1, 2002

**7.0   Protective Order**

7.1   If entry of a protective order is sought, attach to this statement a copy of the proposed order.

7.2   If there is a dispute about whether a protective order should be entered, or about certain terms of the proposed order, briefly summarize each party's position below:

**8.0   Certification of Settlement Authority (All Parties Shall Complete the Certification)**

I hereby certify that the following individual(s) have settlement authority.

Don Bailey Esquire
Name

ATTORNEY for Plaintiff
Title

4311 N. 6th Street

Harrisburg, PA 17110
Address

(717)221-9500          Daytime Telephone


Dauphin County Prison Board
c/o Jay Braderman
Name
Jay R. Braderman, Esquire
126 Locust Street
P.O. Box 11489
Harrisburg, Pa 17108-1489
( )___ - ____ Daytime Telephone

9.0    **Scheduling**

    9.1    This case may be appropriate for trial in approximately:

        ___ 240 Days from the filing of the action in this court

        _X_ 365 Days from the filing of the action in this court

        ___ Days from the filing of the action in this court

    9.2    Suggested Date for Trial:

        February 2003    (month/year)

    9.3    Suggested Date for the final Pretrial Conference:

        January 2003    (month/year)

    9.4    Final date for joining additional parties:

        September 2002    Plaintiff(s)

        _____ Defendants(s)

    9.5    Final date for amending pleadings:

        August 2, 2002    Plaintiff(s)

        _____ Defendants(s)

    9.6    All potentially dispositive motions should be filed by:

        15 days after the close of discovery

10.0    **Other Matters**

Make any other suggestions for the case development process, settlement, or trial that may be useful or necessary to the efficient and just resolution of the dispute.

   **None at this time.**

11.0    **Identification of Lead Counsel**

Identify by name, address, and telephone number lead counsel for each party

Don Bailey Esquire
4311 N. 6th Street
Harrisburg, Pa 17110
(717) 221-9500

Jay R. Braderman
126 Locust Street
P.O. Box 11489
Harrisburg, Pa 17108-1489
(717) 232-6600

Dated: 5-22-02

_____
Attorney for Plaintiff(s)

Dated:

_____
Attorneys for Defendant(s)

### 10.0 Other Matters

Make any other suggestions for the case development process, settlement, or trial that may be useful or necessary to the efficient and just resolution of the dispute.

None at this time.

### 11.0 Identification of Lead Counsel

Identify by name, address, and telephone number lead counsel for each party.

Don Bailey Esquire
4311 N. 6th Street
Harrisburg, Pa 17110
(717) 221-9500

Jay R. Braderman
126 Locust Street
P.O. Box 11489
Harrisburg, Pa 17108-1489
(717) 232-6600

Dated: 5-22-02

_____
Attorney for Plaintiff(s)

Dated: 5/24/0 ~

_____
Attorneys for Defendant(s)